**THE HONORABLE SAMUEL J. STEINER**
**CHAPTER 13 PROCEEDINGS**
<u>**NOTED FOR: 1/19/11; 9:30 AM**</u>
<u>**PLACE:**</u>     **700 STEWART STREET**
            **ROOM 8206, SEATTLE WA**
<u>**RESPONSE DATE:  1/12/11**</u>

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No.: 09-23314** |
| **William and Australia Figgs,** ) | |
| **husband and wife,** ) | **MOTION TO CONFIRM CHAPTER 13 PLAN AS** |
| ) | **AMENDED** |
| **Debtors.** ) | |
| ) | |

**COME NOW** the Debtors, William and Australia Figgs, by and through their attorney, George Peter Rose, and respectfully move the Court to confirm their Chapter 13 Plan as amended (Amendment #1, dated 10/5/10).

## BASIS FOR MOTION

1.     The Debtors filed this Chapter 13 plan and petition on 12/18/09. This plan was filed as a 60-month Best Effort Plan. The 1st Amended Plan was filed on 10/5/10 to include secured payments for two televisions, furniture, and miscellaneous merchandise, and to eliminate the direct payments by the Debtors for this collateral. Additionally, the plan payment was reduced from $475.00 ($237.500 semi-monthly) to $142.00 per month ($71.00 semi-monthly), based on the Debtors' revised income and budget, reflected on amended Schedules I and J.

**MOTION TO CONFIRM CHAPTER 13 PLAN AS**           **GEORGE PETER ROSE**
**AMENDED - Page 1 of 5**                                              **ATTORNEY AT LAW**
                                                                            **417 SOUTH G STREET**
                                                                            **TACOMA WA  98405**
                                                                            **(253) 572-1657**

Case 09-23314-TWD    Doc 31    Filed 12/14/10    Ent. 12/14/10 14:14:49    Pg. 1 of 5

2. Chapter 13 Trustee Michael Fitzgerald had previously objected to confirmation of the Debtors' 1st Amended Chapter 13 plan on 11/8/10. The Chapter 13 Trustee had correctly asserted that the Debtors' amended Form B22C included an excessive deduction for telecommunication services on Line 37 of $353.00. The correct amount, which reflects the Debtors' expenses for cable and internet, should have been $140.00. The Trustee also correctly asserted that Line 57 should not have deducted $452.67 to describe the Debtors' loss of Unemployment Benefits of $452.67 in February, 2010, insofar as the Means Test reflects the Debtors' income during the 6-month time period prior to the bankruptcy filing. The Debtors have amended their Form B22C to correct these errors. The Debtors' amended Form B22C also includes a correction of the Debtors' charitable contributions from $10.00 to $30.00 per month, consistent with their Amended Schedule J. The Debtors' Amended Form B22C now reflects Line 59 Monthly Disposable Income of $587.28.

3. On 10/5/10, the Debtors filed Amended Schedules I and J, an Amended Form B22C, and Amended Chapter 13 plan (1st Amended). The Debtors' Amended Chapter 13 plan still proposed a 60-month plan, but reduced their proposed Chapter 13 plan payment from $475.00 to $142.00 per month, the Debtors' revised disposable income per Schedules I and J. This reduction in monthly disposable income was based primarily on the Debtors' loss of $457.50 per month in Unemployment Benefits, which ceased in February, 2010, as reflected on the Debtors' Amended Schedule I. The Debtors' Amended Schedule J reduced the Debtors' budget from $4,440.07 to $4,315.07, a reduction of $125.00 per month.

4. The Debtors move for confirmation of their amended Chapter 13 plan (1st Amended) as a 60-month Best Effort plan, with plan payments of $142.00 per month.

## ISSUE I

**FOR THE PURPOSE OF DETERMINING THE DEBTORS' MONTHLY PLAN PAYMENT BASED ON "PROJECTED DISPOSABLE INCOME," DOES THE BANKRUPTCY COURT HAVE DISCRETION TO BASE THIS CALCULATION ON THE DEBTORS' ACTUAL INCOME AS REPORTED ON**

MOTION TO CONFIRM CHAPTER 13 PLAN AS
AMENDED - Page 2 of 5

GEORGE PETER ROSE
ATTORNEY AT LAW
417 SOUTH G STREET
TACOMA WA 98405
(253) 572-1657

Case 09-23314-TWD    Doc 31    Filed 12/14/10    Ent. 12/14/10 14:14:49    Pg. 2 of 5

**SCHEDULE I, RATHER THAN "CURRENT MONTHLY INCOME," BASED ON FORM B22C?**

**<u>ANSWER</u>**

On June 7, 2010 the United States Supreme Court issued its opinion in <u>Hamilton v. Lanning</u>, 130 S.Ct. 2464 (2010). One of the central issues in <u>In re Lanning</u> was whether an above median debtor's "Projected Disposable Income," pursuant to 11 U.S.C. §1325 (b)(1)(B) may deviate from "Current Disposable Income" determined under Form B22C, where the debtor establishes such a significant change in circumstances so that "Current Disposable Income" does not accurately or fairly project the debtor's future ability to pay creditors. The 10th Circuit (See, <u>In re Lanning</u>, 545 F.3d 1269 (10th Cir., 2008)) had held that "as to the income side of the §1325 (b)(1)(B), the starting point for calculating the Chapter 13 debtor's "Projected Disposable Income" is presumed to be the debtor's "Current Monthly Income," as defined in 11 U.S.C. §101(10A)(A), subject to a showing of a substantial change in circumstances" (<u>Lanning</u>, 545 F.3d at 1282). Where a debtor showed a "substantial change in circumstances" between the income received during the 6-month period prior to filing and "actual income," as reported on Schedule I, the court had discretion to substitute "Actual Income" for "Current Monthly Income" as the starting point in the "Projected Disposable Income" calculation (<u>Lanning</u>, 545 F.3d at 1282).

On appeal from the 10th Circuit's decision that the bankruptcy courts had such discretion, the sole issue before the Supreme Court was whether the 10th Circuit had erred in adopting the "forward-looking" approach to arriving at "Current Monthly Income." The Court affirmed the 10th Circuit's decision, stating, "Consistent with the text of §1325, and pre-BAPCA practice, we hold that when a bankruptcy court calculates a debtor's "Projected Disposable Income," the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation. We, therefore, affirm the decision of the Court of Appeals" (<u>Lanning</u>, 130 S.Ct. at 2478).

Based on the Debtors' Amended Schedules I and J, the Debtors' current and projected monthly disposable income is $142.04 per month. While the Debtors MDI (Line 59) on their Amended Form B22C is $587.28, the court should base the Debtors' monthly plan payment on their actual income and expenses, rather than their

**MOTION TO CONFIRM CHAPTER 13 PLAN AS AMENDED - Page 3 of 5**

**GEORGE PETER ROSE
ATTORNEY AT LAW
417 SOUTH G STREET
TACOMA WA 98405
(253) 572-1657**

Case 09-23314-TWD    Doc 31    Filed 12/14/10    Ent. 12/14/10 14:14:49    Pg. 3 of 5

monthly disposable income per Form B22C, insofar as the latter includes income of $452.67, which the Debtors had been receiving for Unemployment Benefits, but which were terminated in February, 2010.

The court should find that the Debtors' loss of $452.67 in Unemployment Benefits in February, 2010 constitutes a significant change in circumstances for the Debtors, and that the Debtors' Projected Disposable Income of $142.00 as reflected on the Debtors' Amended Schedules I and J should be used in determining the Debtors' Chapter 13 plan payment.

### ISSUE II

**ARE THE EXPENSES CLAIMED BY THE DEBTORS ON SCHEDULE J (AMENDED) REASONABLE AND NECESSARY FOR THEIR SUPPORT?**

### ANSWER

The Chapter 13 Trustee maintains that expenses listed in Amended Schedule J are not reasonably necessary for the Debtors' maintenance and support, and that reducing the Debtors' expenses would result in a higher "Projected Monthly Income," and therefore, a higher plan payment. The Debtors' monthly income and monthly budget requirements have not changed since the Debtors' amendment to Schedules I and J on 10/5/10. The Debtors' Schedules I and J reflect current and projected monthly disposable income of $142.04 per month. The Trustee challenges the following monthly budget items:

a. <u>Telephone Expense ($228.00)</u>: The Debtors currently spend approximately $45.00 for their home telephone service and $93.00 and $90.00 for each of their cell phone services, for a total of $228.00.

b. <u>Food ($895.00)</u>: The Debtors' food expense of $895.00 per month results in a budget of $9.94 per meal for both Debtors, calculating for three meals per day.

c. <u>Transportation Expense ($575.00)</u>: The Debtors calculated $70.00 per week in gas expenses ($303.00 per month). The Debtors also estimated that their maintenance expenses for their 2003 Ford Windstar and their 1994 Ford Taurus (with odometer mileage of 117,000 and 158,000 respectively) are expected to cost approximately $270.00 per month in maintenance expenses.

**MOTION TO CONFIRM CHAPTER 13 PLAN AS AMENDED - Page 4 of 5**

**GEORGE PETER ROSE**
**ATTORNEY AT LAW**
**417 SOUTH G STREET**
**TACOMA WA 98405**
**(253) 572-1657**

d. <u>Recreation Expense ($150.00)</u>: The Debtors' recreation expense of $35.00 per week should not be found to be excessive, given the dollar amounts listed for recreation in other Chapter 13 cases routinely confirmed by the court.

e. <u>Furniture Storage ($99.00)</u>: The Debtors' current apartment is too small to contain their furniture. Accordingly, they have had to store their furniture at $99.00 per month.

f. <u>Support for Mother of Australia Figgs ($110.00)</u>: The Debtors support the mother of Mrs. Figgs by providing her $110.00 per month in supplemental income, since she is not able to support herself on her Social Security income alone. The mother of Mrs. Figgs is 82 years of age and lives by herself, her husband having passed away in 2001. The Debtors feel compelled to support her to permit her to live independently while she still can.

The budget items listed on Amended Schedule J should be found by the bankruptcy court to be reasonably necessary expenses of the Debtors. The Debtors' proposed plan payment of $142.00 per month is consistent with their actual disposable income, as calculated by the Debtors' current income and current budget requirements.

## RELIEF REQUESTED

Based on the foregoing, the Debtors move the Court to confirm their Chapter 13 Plan as amended (1st Amended Plan, dated 10/5/10).

**RESPECTFULLY** submitted this 14th day of December, 2010.

/s/ George Peter Rose
**GEORGE PETER ROSE, WSBA #12488**
**Attorney for Debtors**

MOTION TO CONFIRM CHAPTER 13 PLAN AS
AMENDED - Page 5 of 5

GEORGE PETER ROSE
ATTORNEY AT LAW
417 SOUTH G STREET
TACOMA WA 98405
(253) 572-1657

Case 09-23314-TWD    Doc 31    Filed 12/14/10    Ent. 12/14/10 14:14:49    Pg. 5 of 5